[No. 90-2.   Division Two.   December 9, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIE I. STOWERS, *Appellant.*

*Overland, Gelman & Sullivan* and *Herbert Gelman,* for appellant.

*Ronald L. Hendry, Prosecuting Attorney, Joseph D. Mladinov, Special Counsel,* and *Eugene G. Olson, Chief Criminal Deputy,* for respondent.

PEARSON, J.—The appellant here was convicted and sentenced for participation in the robbery of a supermarket. Money from the cash registers and the safe was taken by two armed individuals who, during the holdup, fired one shot, which fortunately injured no one. As they were leaving, however, an employee tripped the burglar alarm and a unit of the Tacoma Police, which happened to be near the store, immediately responded, arriving as the suspects fled. As a witness watched, two of the robbers dropped a good deal of money, a pistol, and several coin trays in the parking lot of the store, and then entered a car occupied by a third man. The pursuing officers saw three people in a car leave the scene at high speed. Later, the abandoned automobile, which had been stolen by the suspects, was re-

covered. In and near it the remainder of the money, a ski mask worn by one of the bandits, coin trays, and a coat were found. Testimony of persons in the store indicated that they could not identify the suspects as the ones who had robbed the store. However, fingerprints were found on the coin trays recovered in the parking lot and in the vehicle that matched those of two of defendant's fingers.

■ Defendant here challenges the sufficiency of the state's evidence to support his conviction. Fingerprints are an accurate method of identification and the courts of this state have long accepted them as circumstantial proof. *State v. Wilson*, 38 Wn.2d 593, 231 P.2d 288 (1951). Here, defendant's fingerprints were found on coin trays stolen from a supermarket in the parking lot of that supermarket. The trays lay unattended in the lot for at most a few seconds. After that, they were in police custody through the recovery of the fingerprints and up to trial. It seems to us that such evidence is clearly sufficient to support a conviction. *See State v. Dearinger*, 73 Wn.2d 563, 439 P.2d 971 (1968), *cert. denied*, 393 U.S. 1102, 21 L. Ed. 2d 795, 89 S. Ct. 902 (1969).

Second, defendant objects that giving the special verdict prescribed by RCW 9.95.015[1] and an instruction defining deadly weapon[2] prejudiced him erroneously. This argument was considered and rejected in *State v. Williams*, 3 Wn. App. 336, 475 P.2d 131 (1970). Any error that might have been committed in this regard was harmless as to the conviction, since the evidence supporting the conviction was substantial. *See State v. Martin*, 73 Wn.2d 616, 440 P.2d 429 (1968). At any rate, in this case the jury answered the

[1]Instruction No. 11 reads:

If you shall find the defendant guilty of the crime charged in the information, you will be required to answer whether the evidence in the case established that the defendant was armed with a deadly weapon at the time of the commission of such offense.

[2]Instruction No. 8 reads:

The words "deadly weapon" as used in these instructions shall include, but are not limited to any instrument known as a pistol, revolver, or any other firearm.

special interrogatory in the negative, thus finding defendant was not armed with a deadly weapon.

This leaves us with but one point to consider, that of whether the sentence of the trial court was in error in prescribing a 5-year minimum term for defendant. RCW 9.95.010 provides the trial court shall fix only maximum sentences. Correction of this sentence, pursuant to 9.95.010, requires deletion of the minimum term. *See Stiltner v. Rhay,* 258 F. Supp. 487 (E.D. Wash. 1965), *cert. denied,* 385 U.S. 941, 17 L. Ed. 2d 220, 87 S. Ct. 310 (1966); *Pierce v. Smith,* 31 Wn.2d 52, 195 P.2d 112 (1948). This correction does not affect the validity of the conviction, nor does it prejudice defendant's rights, since the trial court has power to correct the sentence. *See State v. Price,* 59 Wn.2d 788, 370 P.2d 979 (1962). Therefore, to avoid a possible later challenge to the validity of this sentence, *Stiltner v. Rhay, supra,* we remand to the trial court for resentencing which shall delete the minimum term only. Affirmed as modified.

ARMSTRONG, C. J., and PETRIE, J., concur.

Petition for rehearing denied February 2, 1971.

Review denied by Supreme Court March 1, 1971.