[No. 2309-2. Division Two. May 19, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. SAMUEL BAYLOR, *Appellant*.

*David W. Murdach, Healy, Healy & Murdach,* and *Jeffrey A. Smyth,* for appellant.

*Donald Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

JOHNSON, J.*—This is an appeal from a conviction of the crime of robbery in the second degree. The defendant makes three assignments of error, first among which is that the State failed to sustain its burden of proof.

The victim testified he was in the parking lot behind the Exit Tavern when he was struck and knocked down from behind by a black man, who took his wallet. Another man, also black, stood by and told him "not to make a fight or you are going to get blown away." After removing the money—about $22 or $23—they jumped into a car, threw the wallet out, and started for the parking lot exit to South Tacoma Way. The victim hastened to the exit, where there was a light which illuminated the area; he was almost run over by the car, which he was able to identify as a Grand Prix. In addition, he identified the color and the first three letters of the license. On reaching South Tacoma Way, the car collided with another car. The victim jumped into his car and drove to the exit of the parking lot, where he saw the car with the two black men, the defendant being the driver and Brooks, the other defendant not involved in this appeal, the passenger. The victim approached the driver— the defendant—and stated, "You are the guys who robbed me." When the police arrived, the defendant was searched, approximately $80 in neatly folded money was found in his pants pocket, and $23 crumpled and stuffed in his shirt pocket. The victim was unable to specifically identify either defendant.

Both of the defendants testified they had been seated in the automobile in the parking lot with a third black man, Jerome Pursell, smoking marijuana. When Pursell left, they

*Judge Bertil E. Johnson is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

drove to South Tacoma Way and had the accident. None of them testified to having seen or taken part in the robbery.

This defendant first contends specifically that he was denied a fair trial in that no proof was adduced by the State showing or tending to show that one of the defendants committed the crime of robbery and that the other shared and actively participated in its perpetration.

In this state when it cannot be determined which of two defendants actually committed a crime, and which one encouraged or counseled, it is not necessary to establish the role of each. It is sufficient if there is a showing that each defendant was involved in the commission of the crime, having committed at least one overt act as specified in RCW 9.01.030 (superseded for offenses committed after July 1, 1976, by RCW 9A.08.020).

In *State v. Carothers,* 84 Wn.2d 256, 261, 525 P.2d 731 (1974) the Supreme Court said:

> The jury was not obliged to decide who held the gun or who committed the physical act of taking possession of the property of the victims. If it was convinced that the alleged crimes were committed and that the petitioner participated in each of them, it was justified in returning a verdict of guilty on each count. It was, therefore, proper for the trial court to instruct upon the provisions of RCW 9.01.030, in order that the jury could understand that it was not imperative that it determine the exact nature of the petitioner's participation in the crimes, if it was convinced that he did, indeed, participate.

The saying of something that either directly or indirectly contributes to the criminal offense is sufficient to make one a principal. *State v. Redden,* 71 Wn.2d 147, 426 P.2d 854 (1967).

In this case the evidence produced by the State would clearly support the jury's findings beyond a reasonable doubt that (1) one man knocked the victim down; (2) he then jumped on the victim and took his wallet; (3) a second man made the statement "not to make a fight or you are going to get blown away"; (4) both men entered the automobile; (5) the automobile left the parking lot with the two

men in it; (6) the victim identified the car by type, color, paint finish, and the first three letters of the license, BUF, all identical to the car driven by the defendant at the time of the accident; (7) the victim witnessed the accident involving defendant's car; (8) the victim came upon the car and the defendants immediately after the accident; (9) $23 was taken from the victim's wallet, and $23 was found crumpled in the defendant's shirt pocket; and (10) both men at the scene of the robbery and in the car were black.

There was substantial evidence upon which the jury could find the defendant guilty. *See State v. Gladstone,* 78 Wn.2d 306, 474 P.2d 274, 42 A.L.R.3d 1061 (1970); *State v. Stowers,* 3 Wn. App. 766, 479 P.2d 145 (1970).

Second, the defendant claims that the trial court erred in admitting evidence of narcotic paraphernalia found on him. The defendant testified on direct examination that he had, on the night of the robbery, a pair of pants that did not have any pockets in them; that the jailer found something in the pants cuff, ripped the cuff apart, but did not write it up in the report. The defendant put the pants in evidence. On cross-examination, over objection, he was asked, "What was it that was removed from the pant cuff?"; his answer, "It was wrapped in some plastic and the jailor told me it was a hypodermic needle, an insulin syringe is what it was." Drugs were not mentioned.

The trial court held that even though there had been an order in limine as to drug paraphernalia, the defendant had opened the matter on his direct examination. We agree.

█ It is the general rule in both civil and criminal cases that the cross-examination of a witness is limited to the scope of the direct examination. Within its discretion, the trial court can grant considerable latitude in cross-examination. When the defendant in a criminal case takes the stand, he is subject to all of the rules relating to cross-examination of other witnesses. *State v. Johnson,* 12 Wn. App. 548, 530 P.2d 662 (1975); *State v. Walker,* 13 Wn. App. 545, 536 P.2d 657 (1975); *State v. Etheridge,* 74

Wn.2d 102, 443 P.2d 536 (1968). We hold that the trial court did not abuse it discretion.

Third, defendant claims he was denied due process of law by the State's attorney having threatened a key witness for the defense with prosecution, thereby inhibiting him from testifying fully and fairly in defendant's behalf. The facts as presented by the record are that the deputy prosecuting attorney told Mr. Pursell, the witness, while in the hallway and some time before he testified, that he had to realize that in taking the stand he might possibly face charges for possession of marijuana. When Mr. Pursell was called to testify, he asked that his attorney be present; the attorney was called and was present when Mr. Pursell took the stand. He testified to all matters asked on direct examination by defense counsel, but on cross–examination when the prosecutor inquired whether he was smoking marijuana during the time in question, on advice of his attorney he claimed his rights under the Fifth Amendment as to that question. In all other matters he testified freely and without objection.

There is no showing here, by offer of proof or otherwise, that any evidence was withheld from the jury by reason of the warning by the prosecutor. The fact is he was advised by his own attorney to claim the privilege.

It is difficult to find any intimidation of the witness or prejudice to the defendant, particularly where the witness was not present at the time the crime was committed and the jury had been made aware by the testimony of the defendant that the witness and defendant had been smoking marijuana during the time in question.

Finding no error, we affirm.

PETRIE, C.J., and REED, J., concur.