[No. 9588.    Department One.    November 17, 1911.]

The State of Washington, *Respondent*, v.
James H. Dalton, *Appellant*.[1]

Criminal Law—Evidence—Accomplices—Burglary.   A convic-
tion for burglary may be sustained upon the testimony of an accom-
plice uncorroborated by other evidence tending to implicate the de-
fendant with the commission of the offense.

Criminal Law—Evidence—Accomplice.   A witness is not an
accomplice in a burglary where he had not participated in the crime
and was asleep in bed when the guilty parties arrived in the room
with the goods, although he was then informed that the goods were
stolen.

Criminal Law—Appeal—Review—Verdict.   A verdict of guilty
will not be disturbed on appeal on the ground that an alibi was estab-
lished, where the evidence is conflicting and the verdict is sustained
by substantial evidence.

[1]Reported in 118 Pac. 829.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 28, 1911, upon a trial and conviction of burglary in the second degree. Affirmed.

*Charles L. Henry*, for appellant.

*John F. Murphy* and *Alfred H. Lundin*, for respondent.

GOSE, J.—The defendant, with three other persons, was charged with the crime of burglary in the second degree. He was tried separately and found guilty by the jury, and has appealed from the judgment entered upon the verdict. He contends first, if we understand his position, that he could not be lawfully convicted upon the uncorroborated testimony of accomplices; and second, that the evidence is insufficient to support the judgment.

Upon the first proposition, the court instructed that he could not be convicted "on the testimony of an accomplice, unless he is corroborated by other evidence which in itself and without the aid of the testimony of the accomplice tends to implicate the defendant with the commission of the offense." It is due to the learned trial judge to say that this instruction was given before the opinions were filed in *State v. Ray*, 62 Wash. 582, 114 Pac. 439, and *State v. Stapp*, *ante* p. 438, 118 Pac. 337, where a contrary doctrine is announced. The cases from this state are collated and discussed in the case last cited.

Accepting the instructions as the law of the case, we pass to a consideration of the other questions involved. The court correctly instructed that "an accomplice is one who, with criminal intent, acts with others and participates in the commission of a crime." Underhill, Criminal Evidence (2d ed.), § 69; *Bradley v. State*, 2 Ga. App. 622; *Green v. State*, 51 Ark. 189, 10 S. W. 266; *Martin v. State*, 47 Tex. Cr. App. 29, 83 S. W. 390; *Ochsner v. Commonwealth*, 33 Ky. Law 119, 109 S. W. 326; *Springer v. State*, 102 Ga. 447, 30 S. E. 971; *Allen v. State*, 74 Ga. 769.

A reference to the evidence discloses that Wells, a code-

fendant, who had pleaded guilty to the information, testified that the appellant participated in the crime; that after the store had been burglarized, the goods were taken to a room occupied jointly by Hansett and himself, and there divided in the presence of Hansett; and that the appellant then carried away a part of the goods. He further testified that Hansett had no participation in the commission of the crime, but that he was in bed when the parties arrived at the room with the goods. Hansett corroborates this statement. He states further that the appellant freely discussed his connection with the burglary at the room; that he, the witness, knew the goods had been stolen; and that he later went with Wells to get them at the place the latter had placed them. This is far from showing a guilty connection with the crime. Knowledge that a crime has been committed, and the concealment of such knowledge, does not make a witness an accomplice, unless he aided or participated in the commission of the offense. Underhill, Criminal Evidence (2d ed.), § 69; *Bradley v. State*, and *Martin v. State, supra*. Where the evidence is conflicting as to whether the witness participated in the commission of the crime, the question is one of fact for the jury. Underhill, Criminal Evidence, § 69. Upon the facts stated, Hansett was not an accomplice.

It is argued that the appellant established an alibi. That question was resolved against him upon substantial, competent evidence by the verdict of a jury. We have so often held that, where the evidence is in conflict and there is substantial evidence of the guilt of the defendant, we will not disturb the verdict of the jury upon the ground of insufficiency of the evidence, that the citation of authority to that point is unnecessary.

The judgment is affirmed.

Dunbar, C. J., Fullerton, Mount, and Parker, JJ., concur.