[No. 5280–1. Division One. January 23, 1978.]

*In the Matter of the Welfare of*
RONALD E. WILSON.

*Hunter John,* of *Seattle–King County Public Defender,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Marilyn G. Showalter, Deputy,* for respondent.

PER CURIAM.—Appellant seeks review of a juvenile court finding that he was guilty of the crime of reckless endangerment (RCW 9A.36.050). The court found that appellant was an accomplice as provided in RCW 9A.08.020.[1] Appellant contends that the evidence is insufficient to support

---

[1]RCW 9A.08.020 provides in relevant part:

"(3) A person is an accomplice of another person in the commission of a crime if:

"(a) With knowledge that it will promote or facilitate the commission of the crime, he

"(i) solicits, commands, encourages, or requests such other person to commit it; . . ."

the finding.[2]

 In considering a challenge to the sufficiency of the evidence, this court must assume the truth of the State's evidence and draw all reasonable inferences in favor of the State. *State v. Pristell,* 3 Wn. App. 962, 478 P.2d 743 (1970); *State v. Braxton,* 10 Wn. App. 1, 516 P.2d 771 (1973). We will not disturb the finding of the court if there is substantial evidence to support it. *State v. Kane,* 72 Wn.2d 235, 432 P.2d 660 (1967); *State v. Braxton, supra.*

After a careful review of the record in this case we can fairly summarize the facts as follows: On the evening of August 29, 1976, a group of juveniles engaged in damaging and dangerous delinquent activities. Rubber weather-stripping was ripped from around windows in an office building. Appellant was present, observed the theft, and made no effort to discourage the theft or to leave the scene. The youths then tied the weatherstripping together to form a rope and stretched it from a tree across a street to a hill on a golf course fairway. Eyewitnesses heard a great deal of shouting and noise from the hill and saw the rope being pulled taut when cars approached. This activity was observed for 50 minutes to an hour. As many as six youths including the appellant were seen on the hill at the end of the rope.

 In addition to the State's three witnesses, the defendant testified himself and called two youths who were present that evening. The trial judge saw and heard the witnesses. He is the sole judge of their credibility. *Plancich v. Williamson,* 57 Wn.2d 367, 357 P.2d 693, 92 A.L.R.2d 559 (1960). After considering all the testimony the court felt that appellant's knowledge of the theft and subsequent presence on the fairway at the end of the rope amounted to a deed that encouraged the commission of the crime of reckless endangerment.

---

[2]This is the logical interpretation of his brief although never precisely stated as an assignment of error.

■ It is not a crime to be indifferent to criminal activity and although it would have been praiseworthy for appellant to make an effort to prevent these delinquent acts the law does not require him to do this. However, once he has knowledge of the theft and the stretching of the rope across the road, his continued presence at the scene of the ongoing crime can be reasonably inferred to "encourage" the crime. The word "encourage" means "to give courage to: inspire with courage, spirit or hope", *Webster's New International Dictionary* (3d ed. 1969). *See People v. Drake,* 151 Cal. App. 2d 28, 310 P.2d 997, 1003 (1957). The presence of an audience gives courage to those who would partake in this form of juvenile delinquency.

In the context of this type of juvenile activity, appellant's knowing presence was a sufficient act to allow the court to find him to be an accomplice.

The finding of the trial court is affirmed.

Reconsideration denied February 28, 1978.

Review granted by Supreme Court July 21, 1978.