[No. 45455. En Banc. January 5, 1979.]

*In the Matter of the Welfare of*
RONALD E. WILSON, *Petitioner.*

*Mark Leemon* of *Seattle–King County Public Defender Association,* for petitioner.

*Christopher T. Bayley, Prosecuting Attorney,* and *Marilyn G. Showalter* and *J. Robin Hunt, Deputies,* for respondent.

HICKS, J.—At issue in this case is whether a juvenile's continued presence at the scene of a purported crime without more, though with knowledge of the ongoing activities, is sufficient to sustain a conviction as an accomplice under RCW 9A.08.020[1] to the crime of reckless endangerment. RCW 9A.36.050.[2]

---

[1]RCW 9A.08.020 reads in pertinent part as follows:

"(3) A person is an accomplice of another person in the commission of a crime if:

"(a) With knowledge that it will promote or facilitate the commission of the crime, he

"(i) solicits, commands, encourages, or requests such other person to commit it; or

"(ii) aids or agrees to aid such other person in planning or committing it; . . ."

[2]RCW 9A.36.050 reads as follows:

"(1) A person is guilty of reckless endangerment when he recklessly engages in conduct which creates a substantial risk of death or serious physical injury to another person.

"(2) Reckless endangerment is a gross misdemeanor."

The juvenile court found the evidence sufficient to support a determination that petitioner, Ronald E. Wilson, had given support and encouragement to other youths engaged in activities constituting reckless endangerment. Consequently, Wilson was found guilty of abetting. The Court of Appeals, Division One, affirmed by per curiam opinion. *In re Wilson,* 19 Wn. App. 104, 573 P.2d 1363 (1978). We granted the petition for review and we reverse.

The verbatim report of proceedings consists of a mere 31 pages, from which the following sketchy details can be elicited concerning the activities of a group of youths on the evening of August 29, 1976. Weatherstripping was pulled from office building windows, fashioned into a rope of sorts, tied around a tree and strung across a road to a fairway on an adjacent golf course. From time to time this "rope" was pulled taut across the road.

The only competent evidence concerning reckless endangerment came from the testimony of the State's eyewitness. At one point she testified:

> When we went outside, we saw several kids on top of the fairway. Down on the highway was a rope that was tied to a tree, and strung across the highway up onto the fairway. At certain times, the rope would be pulled when cars were coming down the street. It looked like it could cause an accident.

The eyewitness called the police and while awaiting their arrival, she remained outside to observe activities on the hill. She testified as follows:

> Q. Approximately how long was it before the police arrived?
>
> A. I would say anywhere to about fifty minutes to an hour. It was a long time before they arrived.
>
> Q. During the time when you were watching and waiting for the police, was the rope or whatever material that was strung across the road held in the air?
>
> A. It was pulled twice while we were out there watching. At one time it was pulled when there was no cars coming down the road. On the second time, it was pulled when headlights were coming around the corner. The

rope was dropped before the car got to the area where the rope was.

■ There was no other competent evidence in the record concerning danger caused by the pulling of the rope. The police officers testified as to what they had been told of the matter. Since this was a trial to the court, we assume the court disregarded that which was hearsay and considered only the evidence properly before the court. *In re Harbert*, 85 Wn.2d 719, 729, 538 P.2d 1212 (1975).

■ Based on the record presented, we are somewhat skeptical that the State established the underlying crime of reckless endangerment; nevertheless, in a challenge to the sufficiency of the evidence, we consider the evidence in the light most favorable to the State. *State v. Randecker*, 79 Wn.2d 512, 487 P.2d 1295 (1971). Thus, while assuming that the activities described above constitute reckless endangerment, we do not believe Wilson's presence, knowledge of the theft, and personal acquaintance with active participants is sufficient to support a finding of abetting.

As the judge was ruling at the conclusion of the juvenile court hearing, defense counsel inquired:

> Your Honor, are you indicating that the conduct is not stopping the other people from doing what they were doing?
>
> THE COURT: No. His participation in going to the scene, being with his friend, standing and being involved in the whole atmosphere of what was going on. That the actual touching and pulling the rope was not necessary for him to really contribute to what was happening. He should, when he recognized what was going on, leave. Then there wouldn't have been any problem.

The court found the allegation of reckless endangerment correct as to aiding and abetting. The eyewitness had testified that the rope was pulled taut once during the time that a figure wearing a red hunting jacket, subsequently identified to police officers as petitioner, was on the hill. Although she could not see who was pulling the rope, she testified that petitioner was standing where the rope ended. The court dismissed the petition as to the second count

alleging third–degree theft. The court deferred a finding of delinquency conditioned on Wilson's completion of 15–hours' community service.

In its affirmance of the juvenile court, the Court of Appeals stated at pages 106–07:

> It is not a crime to be indifferent to criminal activity and although it would have been praiseworthy for appellant to make an effort to prevent these delinquent acts the law does not require him to do this. However once he has knowledge of the theft and the stretching of the rope across the road, his continued presence at the scene of the ongoing crime can be reasonably inferred to "encourage" the crime.

We believe the language employed by the Court of Appeals establishes an overly broad rule, and we accepted discretionary review to consider the matter.

█ Under the statutory language of RCW 9A.08.020, a person is not an accomplice unless he or she knowingly "solicits, commands, encourages, or requests" the commission of a crime, or aids in the planning or commission thereof. Washington case law has consistently stated that physical presence and assent alone are insufficient to constitute aiding and abetting. *See, e.g., State v. Peasley,* 80 Wash. 99, 141 P. 316 (1914); *State v. Redden,* 71 Wn.2d 147, 426 P.2d 854 (1967). Presence at the scene of an ongoing crime may be sufficient if a person is "ready to assist". *State v. Aiken,* 72 Wn.2d 306, 349, 434 P.2d 10 (1967). We fail to find evidence in the record indicative of Wilson's readiness to "assist".

In *State v. J–R Distribs., Inc.,* 82 Wn.2d 584, 593, 512 P.2d 1049 (1973), after some previous discussion of abetting, this court goes on to state:

> One does not aid and abet unless, in some way, he associates himself with the undertaking, participates in it as in something he desires to bring about, and seeks by his action to make it succeed. *State v. Gladstone* [78 Wn.2d 306, 474 P.2d 274, 42 A.L.R.3d 1061 (1970)]; *Nye & Nissen v. United States,* 336 U.S. 613, 619, 93 L. Ed. 919, 69 S. Ct. 766 (1949). Mere knowledge or physical

presence at the scene of a crime neither constitutes a crime nor will it support a charge of aiding and abetting a crime. *State v. Gladstone, supra; State v. Dalton,* 65 Wash. 663, 118 P. 829 (1911).

The juvenile court held and the Court of Appeals confirmed that in the context of the juvenile activity described above, Wilson's knowing presence was a sufficient act to permit the court to find him to be an accomplice to the crime of reckless endangerment. This cannot be. Even though a bystander's presence alone may, in fact, encourage the principal actor in his criminal or delinquent conduct, that does not in itself make the bystander a participant in the guilt. It is not the circumstance of "encouragement" in itself that is determinative, rather it is encouragement plus the intent of the bystander to encourage that constitutes abetting. We hold that something more than presence alone plus knowledge of ongoing activity must be shown to establish the intent requisite to finding Wilson to be an accomplice in this instance.

Reversed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.