[No. 7971-9-I.   Division One.   January 19, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. RANDY JOE
WILLIAMS, *Appellant.*

*Cynthia Wills* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Pamela Holliday, Deputy,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

The defendant, Randy Joe Williams, appeals from a judgment and sentence entered on a jury verdict finding him guilty of burglary in the second degree as charged. RCW 9A.52.030(1). The amended information alleged that the defendant and Dwight Douglas Smissaert entered James Monroe Junior High School intending to steal a stereo from the staff lounge.

At trial, Smissaert testified for the defense. He said that he, one "Kelly" and the defendant climbed to the school roof as a lark. Once on the roof, Smissaert said that Kelly entered the building over the objections of Smissaert and the defendant, but that they nevertheless remained on the roof.

The defendant's appeal claims instructional error and raises two issues.

## ISSUES

ISSUE ONE. Did the trial court err by refusing to amend the customary accomplice instruction, WPIC 10.51, by adding thereto additional definitional language requested by the defendant?

ISSUE TWO. When the theory of accomplice liability is presented to a jury as an alternate theory, must the court specially instruct the jurors that they are required to unanimously agree upon whether the defendant is a principal or an accomplice?

## DECISION

ISSUE ONE.

CONCLUSION. The accomplice instruction given to the jury was proper. It followed the language of the statute and enabled the defendant to fully argue his theory of the case to the jury.

The trial court's instruction No. 8 to the jury reads in pertinent part as follows:

A person is an accomplice in the commission of a crime, if, with knowledge that it will promote or facilitate the commission of the crime, he or she either:

(1) solicits, commands, encourages, or requests another person to commit the crime; or

(2) aids or agrees to aid another person in planning or committing the crime.

The word "aid" means all assistance whether given by words, acts, encouragement, support or presence. A person who is present at the scene and is ready to assist by his or her presence is aiding in the commission of the crime.

The defendant proposed this same instruction but with the following sentence added to the last paragraph:

However, a person does not "aid" unless, in some way, he associates himself with the undertaking, participates in it as something he desires to bring about, and seeks by his action to make it succeed.

■■ The accomplice instruction given is the standard one prescribed by WPIC 10.51. It follows the language of the statute, RCW 9A.08.020, except that it contains a further definition of the word "aid". *See State v. Aiken,* 72 Wn.2d 306, 349, 434 P.2d 10 (1967). It was, therefore, a proper instruction if it was neither erroneous nor so inadequate as to prevent the defendant from fairly arguing his case to the jury. *State v. Workman,* 90 Wn.2d 443, 449, 584 P.2d 382 (1978); *State v. Alexander,* 7 Wn. App. 329, 336, 499 P.2d 263 (1972).

The defendant assigns as error the trial court's refusal to include in its accomplice instruction the defendant's proposed additional definition of the term "aid" which is based on language found in *State v. J-R Distribs., Inc.,* 82 Wn.2d 584, 593, 512 P.2d 1049 (1973), quoted with approval in *In re Wilson,* 91 Wn.2d 487, 491, 588 P.2d 1161 (1979). His position is that the instruction as given allowed the jury to convict a defendant who is merely present at the scene of the crime and knows a crime is being committed.

The fact that certain language is used in an appellate court decision does not mean that it must necessarily be incorporated into a jury instruction. *Turner v. Tacoma,* 72 Wn.2d 1029, 1034, 435 P.2d 927 (1967); *State v. Alexander, supra* at 335.

In *Wilson,* the court did not reject the standard accomplice instruction, WPIC 10.51, but simply applied it. The conviction in that case was reversed because the reviewing court found no evidence that the defendant was ready to assist in the commission of the crime as required under this instruction. In addition, it may be observed that parenthetically in *Wilson,* the defendant was apparently in a public place where he had a right to be, whereas the defendant in the present case was on the roof of a school building where he had no right to be. The accomplice instruction given in this case was not an erroneous statement of the law.

The defendant further asserts that the accomplice instruction as given foreclosed his right to argue his theory of the case to the jury. The record does not reflect what defense counsel argued. We note, however, that the "and is ready to assist" language in the instruction which qualified the defendant's knowing presence at the scene of the crime language therein, allowed the defense to argue that once on the roof, the defendant and Smissaert did not anticipate Kelly's further criminal activities and that although he was present, he was not ready to assist in the burglary. The instruction given thus adequately allowed the defense theory of the case to be argued to the jury and was not erroneous.

ISSUE TWO.

CONCLUSION. When accomplice liability is before the jury as an alternate theory, the trial court need not specially instruct the jurors that they are required to unanimously agree upon whether the defendant is a principal or an accomplice in order to convict.

■ *State v. Carothers,* 84 Wn.2d 256, 525 P.2d 731 (1974) is in point. There the court rejected the defendant's claim that the jury should have been specially instructed

that it was required to unanimously agree upon whether the defendant was a principal or an accomplice. The court there held:

> The legislature has said that anyone who participates in the commission of a crime is guilty of the crime and should be charged as a principal, regardless of the degree or nature of his participation. Whether he holds the gun, holds the victim, keeps a lookout, stands by ready to help the assailant, or aids in some other way, he is a participant. The elements of the crime remain the same.

*State v. Carothers, supra* at 264.

Unanimity on the alternative accomplice liability theory is not required because, under our statutory system, aiding and abetting is not an alternative element or method of committing the substantive offense. *State v. Carothers, supra;* RCW 9A.08.020(1) and (2)(c). By enacting RCW 9A.08.020(1) and (2)(c), the legislature made more explicit its intent discerned by the court in *State v. Carothers, supra,* which had been based on its interpretation of a predecessor statute, RCW 9.01.030. *State v. Green,* 94 Wn.2d 216, 230, 616 P.2d 628 (1980), which requires jury unanimity when one alternative predicate felony is unsupported by sufficient evidence, is inapplicable in this accomplice liability context because aiding and abetting is neither an element nor a method of committing a crime.

The verdict was by a properly instructed jury based on sufficient evidence to convict.

Affirmed.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied April 3, 1981.

Review denied by Supreme Court June 12, 1981.