[No. 10156-1-I.   Division One.   June 28, 1982.]

THE STATE OF WASHINGTON, *Respondent*, v. LYLE LOZIER, *Appellant*.

*Blake Weston* and *Raymond Thoenig* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Linda Walton, Deputy,* for respondent.

JAMES, J.—Lyle Lozier appeals his juvenile court conviction for second degree assault. We affirm.

The charge stems from a severe beating administered by Lyle's companion, Ralph Lozier (aged 12), to two smaller boys, Luis Suggs and Sunny Soper (both aged 11). The State's theory at trial was that Lyle (who was 14 and the largest of the boys) assisted Ralph's assault upon Luis and Sunny by intimidating them and blocking their escape, and thus acted as Ralph's accomplice. Lyle contends there was insufficient evidence to support his conviction of second degree assault on an accomplice theory. We do not agree.

The standard of review is

> whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

(Italics omitted.) *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

To support conviction of a defendant as an accomplice, there must be evidence that he was "'ready to assist'" or intended to encourage the conduct of his coparticipant; mere presence at the scene of the crime is insufficient. *In re Wilson,* 91 Wn.2d 487, 491, 588 P.2d 1161 (1979), quoting from *State v. Aiken,* 72 Wn.2d 306, 349, 434

P.2d 10 (1967). Circumstantial evidence is no less reliable than direct evidence, and criminal intent may be inferred from conduct where "plainly indicated as a matter of logical probability." *State v. Delmarter,* 94 Wn.2d 634, 638, 618 P.2d 99 (1980). If a defendant positions himself so as to shut off the victim's avenue of escape, this circumstance may be considered as evidence that the defendant aided or assisted the commission of the crime. *People v. Bleimehl,* 9 Ill. App. 3d 273, 292 N.E.2d 60 (1972).

Lyle followed as the fight shifted position along the stream and Sunny and Luis attempted to move away from Ralph. Luis testified that "every time we would move around, [Lyle] would get in front of us or behind us, so we couldn't try to run away" and that "[e]very time I got kicked somewhere and I'd move, and he would kind of get behind me" and that Lyle's actions made him feel "[l]ike I was closed in, I couldn't do nothing." On cross examination, Luis testified that the one time he did try to run away, Lyle started to walk toward him but did not overtly block his escape. Sunny testified that he did not try to escape because Lyle kept changing positions, "follow[ing] Ralph around", and "I thought that they might shoot us or something" with the guns Ralph and a third boy carried. Lyle testified that he "moved around" as the fighting went from place to place, that he was "a little farther away" than 5 feet from the fight, and that he thought both of the younger boys saw him standing there.

Lyle was, plainly, more than merely present at the scene of a fight. His *continuing* proximity to the fighting, in the nature of circling about its periphery, the 1–sided nature of that fighting, the attempts of the victims to get away, Lyle's size in relation to the size of the victims (and, undoubtedly, his awareness of that disparity), and his awareness that the victims knew he was there, taken together, are adequate to persuade a rational trier of fact beyond a reasonable doubt that Lyle acted with the intent to aid Ralph's assault on Luis and Sunny.

The judgment is affirmed.

SWANSON and CALLOW, JJ., concur.