[No. 5296-6–III.   Division Three.   October 18, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. KENNETH
D. ROBINSON, *Appellant.*

*Craddock D. Verser,* for appellant.

*John G. Wetle, Prosecuting Attorney,* and *Dan B. Johnson, Deputy,* for respondent.

MUNSON, C.J.—Kenneth D. Robinson appeals his convictions as an accomplice[1] to burglary in the second degree[2]

---

[1] RCW 9A.08.020 states in pertinent part:

"(2) A person is legally accountable for the conduct of another person when:

". . .

and theft in the third degree.[3] The issues are: did the trial court apply the incorrect standard of proof to his motion to dismiss and his motion for arrest of judgment; is the evidence insufficient to support his convictions; and did the trial court err in refusing to define intent as an element of accomplice liability? We affirm.

Randy Authier, Ken Robinson, Steve Allen, John Vassis, Sean West and David Midland were drinking beer at Vickie Griffin's home. When they ran out of beer, it was suggested they steal some. Authier told the group how to steal beer from the Chalet Restaurant, but he, Robinson and Midland did not want to steal the beer for fear of getting caught. When the first group could not find the beer, however, Authier, Midland and Robinson went to get it for them.

Testimony of Authier and Midland concerning Robinson's part in the burglary and theft differed greatly. Authier testified the three of them went to the Chalet; he and Midland went in while Robinson remained outside the back door. Robinson volunteered to be a lookout instead of entering the building. Robinson carried a case of beer from the scene. On cross examination, Authier admitted he had been drinking heavily that evening but believed it did not affect his memory of the events.

---

"(c) He is an accomplice of such other person in the commission of the crime.

"(3) A person is an accomplice of another person in the commission of a crime if:

"(a) With knowledge that it will promote or facilitate the commission of the crime, he

"(i) solicits, commands, encourages, or requests such other person to commit it; or

"(ii) aids or agrees to aid such other person in planning or committing it; . . ."

[2]RCW 9A.52.030 states in pertinent part:

"(1) A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle."

[3]RCW 9A.56.050 states in pertinent part:

"(1) A person is guilty of theft in the third degree if he commits theft of property or services which does not exceed two hundred and fifty dollars in value."

Midland testified the three of them went to the Chalet; Authier and Midland went in; but Robinson would not go in and refused to carry any beer. Robinson stayed by the back door; Midland said he expected Robinson to act as a lookout, although nothing was said. Robinson left after refusing to carry any beer; the next time Midland saw him was at the home of Sherry Beals.

Because the trial court ruled a prior conviction would be admissible to impeach Robinson, he did not testify. The only other testimony of any importance came from John Vassis and Sherry Beals, who testified Sean West called Robinson a "chicken" because Robinson did not want to go through with the crime.

At the close of the State's case, Robinson's counsel moved to dismiss, stating "I don't believe the State has given any rational trier of facts a basis to convict . . . beyond a reasonable doubt, . . ." The court denied the motion, stating:

I don't think it is the standard I use, counsel, it would be substantial evidence, and has there been substantial evidence introduced to make out a prima facie case and I'm afraid it is up to the jury to measure whether it is beyond a reasonable doubt or not, . . .

■ Robinson contends the trial court incorrectly applied the substantial evidence standard in denying his motion to dismiss and "compounded the error" by denying his motion for arrest of judgment. We agree the former substantial evidence standard was incorrectly applied here. The correct standard was enunciated in *State v. Green,* 94 Wn.2d 216, 220–21, 616 P.2d 628 (1980) (quoting *Jackson v. Virginia,* 443 U.S. 307, 318, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979)):

After *Winship* [*In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970)] the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support *a finding of guilt beyond a reasonable doubt.*

*State v. Green, supra,* dealt only with a reviewing court's

inquiry after conviction. In two subsequent decisions, though, the court has "extended" the higher standard of review to motions in arrest of judgment, *State v. Delmarter*, 94 Wn.2d 634, 637, 618 P.2d 99 (1980), and motions to dismiss, *State v. Theroff*, 95 Wn.2d 385, 388, 622 P.2d 1240 (1980).[4]

*State v. Theroff, supra,* supplies guidance on what a reviewing court should do when the substantial evidence standard is incorrectly applied below. In *Theroff,* the court reviewed the record to see if "there was sufficient evidence from which a rational trier of fact could reasonably find beyond a reasonable doubt that petitioner" committed the acts charged in the information. *State v. Theroff, supra* at 388. After carefully reviewing the record in this appeal, we conclude the jury could convict Robinson of the crimes charged upon Authier's testimony and upon Midland's statement he expected Robinson to act as a lookout.

■ Robinson contends, however, Authier's credibility was so adversely affected by his admitted intoxication that the evidence could not rise to the higher reasonable doubt standard. It was for the jury to decide whether Authier was too drunk to remember the events; witness credibility is always a jury question. *State v. Williams,* 96 Wn.2d 215, 222, 634 P.2d 868 (1981); *State v. Smith,* 31 Wn. App. 226, 228, 640 P.2d 25 (1982). *State v. Green, supra,* cannot be read to require the trial court to consider all the testimony and balance the credibility of the witnesses. The court must only view the evidence most favorable to the State and find evidence beyond a reasonable doubt rather than substantial evidence.

Robinson contends next the court erred in refusing to give the following proposed instruction to supplement the accomplice instruction:[5]

---

[4]Although *Theroff* does not mention motions to dismiss, the Court of Appeals opinion clearly applied the substantial evidence standard to a motion to dismiss. *See State v. Theroff,* 25 Wn. App. 590, 593, 608 P.2d 1254 (1980).

[5]The instruction given is WPIC 10.51:

Even though a bystander's presence alone may, in fact, encourage the principal actor in his criminal or delinquent conduct, that does not in itself make the bystander a participant in the guilt. The bystander must have the intent to encourage the commission of a crime.

The language in the proposed instruction is taken from *In re Wilson*, 91 Wn.2d 487, 492, 588 P.2d 1161 (1979). Robinson contends *In re Wilson, supra,* should be read to mean the standard accomplice instruction, WPIC 10.51, is insufficient without a modifying instruction explaining the evidence must show the defendant intended by his presence to encourage the commission of a crime. We do not agree.

■ In *State v. Wilson*, 95 Wn.2d 828, 830, 631 P.2d 362 (1981), the court explained the *In re Wilson, supra,* decision to mean:

a person's physical presence at the scene of an offense, with knowledge of what was taking place, would not, standing alone, support a charge of aiding and abetting a crime.

Read in context, the court in *In re Wilson, supra,* was not showing displeasure with the instruction; it was stating the evidence did not show defendant was "ready to assist by his or her presence" at the crime scene. *See also State v. Loucks,* 98 Wn.2d 563, 568, 656 P.2d 480 (1983); *State v. Rotunno,* 95 Wn.2d 931, 933, 631 P.2d 951 (1981) (absence of the language "ready to assist by his or her presence" constitutes reversible error); *State v. Lozier,* 32 Wn. App. 376, 377–78, 647 P.2d 535 (1982) (criminal intent to aid

---

"A person who is an accomplice in the commission of a crime is guilty of that crime whether present at the scene or not.

"A person is an accomplice in the commission of a crime, if, with knowledge that it will promote or facilitate the commission of the crime, he or she either:

"(1) solicits, commands, encourages, or requests another person to commit the crime; or

"(2) aids or agrees to aid another person in planning or committing the crime.

"The word 'aid' means all assistance whether given by words, acts, encouragement, support or presence. A person who is present at the scene and is ready to assist by his or her presence is aiding in the commission of the crime."

may be inferred from defendant's conduct); *State v. Matthews*, 28 Wn. App. 198, 202, 624 P.2d 720 (1981) (*In re Wilson, supra,* requires evidence of intent to encourage the perpetrator); *State v. Alford,* 25 Wn. App. 661, 611 P.2d 1268 (1980), *aff'd,* 95 Wn.2d 629, 628 P.2d 467 (1981) (mere presence is not enough).

The final line of WPIC 10.51 encompasses Robinson's intent instruction: "A person who is present at the scene and is *ready to assist* by his or her presence is aiding in the commission of the crime." (Italics ours.) The evidence must show both presence and readiness (intent to assist) before a person can be found guilty as an accomplice. The record shows both presence and readiness.

At oral argument, the court noted the presence language in WPIC 10.51 has led to numerous appeals. In an effort to eliminate possible confusion in the future, the court suggested the State consider the following alternative wordings:

First alternative: rewrite the final paragraph to read:

The word "aid" means all assistance whether given by words, acts, encouragement <u>or</u> support ~~or presence~~. A person who is present at the scene and is ready to assist by his or her presence is aiding in the commission of the crime.

Second alternative: rewrite the final paragraph to read:

The word "aid" means all assistance whether given by words, acts, encouragement, support or presence.

<u>Mere presence at the scene of an offense, standing alone, would not support a finding of being an accomplice.</u>

A person who is present at the scene and is ready to assist by his or her presence is aiding in the commission of the crime.

Neither change will aid Mr. Robinson (the record reflects more than "mere presence"); either alternative will aid prosecutors, defendants, juries, and reviewing courts where the evidence of aid is very slight.

Conviction is affirmed.

McINTURFF, J., and EDGERTON, J. Pro Tem., concur.