# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  51279-3-II |
| Respondent, | |
| v. | |
| MALISHA MIRANDA MORALES, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Malisha Miranda Morales pleaded guilty to second degree murder.  She appeals arguing that (1) the automatic decline component of RCW 13.04.030(1)(e)(v) violates juveniles' due process rights, (2) her plea was involuntary because her plea statement did not establish a factual basis for the elements of second degree murder or accomplice liability, (3) the trial court erred by concluding that her plea was knowing and voluntary because it failed to determine whether she understood the nature of the charge in relation to the facts, (4) the trial court abused its discretion by inadequately considering youth as a mitigating factor in determining her sentence, and (5) the trial court erred by imposing a criminal filing fee and ordering interest to accrue on nonrestitution legal financial obligations (LFOs).  We disagree with most of Morales's arguments and affirm her conviction but remand to the trial court to strike the criminal filing fee and interest accrual provision on nonrestitution LFOs.

## FACTS

The State charged sixteen-year-old Morales with one count of first degree murder and five counts of first degree assault with a deadly weapon, alleging that Morales was an

accomplice to the drive-by shooting death of a 15-year-old boy. The prosecutor's declaration for probable cause stated that Morales had driven the vehicle used in the drive-by shooting, and, as the vehicle approached the victim, Morales shouted, "[S]shoot, shoot, shoot," to the occupants of the vehicle. Clerk's Papers (CP) at 5-6. Because of the nature of the charges and her age, Morales's case was automatically transferred from juvenile to adult court without a hearing under RCW 13.04.030. Morales ultimately entered a guilty plea to second degree murder. At the plea hearing, the State presented the trial court with an amended information and all accompanied documents, including the prosecutor's declaration for probable cause. Morales's plea included the following factual statement:

> On March 3, 2017, in Pierce County, Washington, I unlawfully and feloniously, with the intent to cause bodily harm or death to another person, drove a vehicle from which Billy Williamson and Zachary Glover fired guns which caused the death of another person, C.M. I am truly sorry for what has occurred.

CP at 18.

Defense counsel informed the trial court that it had gone over the statement in detail with Morales, advised her of the maximum penalties for the offense, and informed her of the elements the State would need to prove. Defense counsel continued, "There's a factual basis that I have written. She has adopted that factual statement. And I believe that she is doing this freely and voluntarily. And I ask that you kindly accept her plea of guilty." Verbatim Report of Proceedings (VRP) (Nov. 22, 2017) at 2.

In a colloquy between the trial court and Morales, Morales confirmed that she understood the crime she was charged with, the elements of the crime, and the sentence to the crime. The trial court read Morales's plea statement to her and she acknowledged that it was a true and correct statement of what she did to be guilty of second degree murder. Morales told the court

that she was entering her plea freely and voluntarily, and the trial court stated, "I'm satisfied your plea is made freely and voluntarily, that you understand all the rights you're giving up and all the consequences of your plea." VRP (Nov. 22, 2017) at 10. The trial court immediately proceeded to sentencing, noting that it had read the prosecutor's declaration of probable cause and Morales's factual statement of her involvement.

The State and defense counsel reminded the trial court that under *State v. Houston-Sconiers*[1] it was obligated to consider Morales's youth as a mitigating factor in determining her sentence. The parties agreed to recommend the low end of the standard range. The trial judge acknowledged that she did not bring a copy of the *Houston-Sconiers* opinion to the bench with her, but suggested that she was familiar with the factors the court should consider. The trial court considered that Morales had no criminal history, and noted that although she did not fire the gun, she was nonetheless a "critical player" in the murder. VRP (Nov. 22, 2017) at 18. "So it is only because of the *Houston-Sconiers* case and the [S]upreme [C]ourt's order that the Court must . . . consider your age and the impact that has on your ability to exercise good judgment that the Court is going to go along with the joint recommendation for the low end." VRP (Nov. 22, 2017) at 18-19.

The trial court sentenced Morales to 123 months confinement—the low end of the standard range. The trial court also imposed a $500.00 crime victim assessment, $100 DNA (deoxyribonucleic acid) database fee, and $200.00 criminal filing fee and ordered that the LFOs would bear interest from the date of the judgment until payment in full. The trial court found that Morales lacked sufficient funds to prosecute an appeal and entered an order of indigency.

---

[1] 188 Wn.2d 1, 21, 391 P.3d 409 (2017).

Morales appeals.

ANALYSIS

I. AUTOMATIC DECLINE

Morales argues that the automatic decline of juvenile court jurisdiction violated her right to due process. Recently, in *State v. Watkins*, 191 Wn.2d 530, 533, 423 P.3d 830 (2018), our Supreme Court held that automatic decline of juvenile court jurisdiction does not violate procedural or substantive due process. Therefore, Morales's argument fails.

Former RCW 13.04.030(1)(v) (2009), which applied at the time Morales committed her crime, provided that juvenile courts must automatically decline jurisdiction over juveniles who have committed certain offenses when they were 16 or 17 years old.[2] In *State v. Watkins*, the appellant challenged the constitutionality of former RCW 13.04.030(1) on due process grounds arguing that due process requires that all juveniles receive an individualized hearing before the juvenile court may decline jurisdiction. 191 Wn.2d at 537. Our Supreme Court held that "automatic decline comports with procedural due process." 191 Wn.2d at 542. Juveniles have no constitutional right to be tried in juvenile court. 191 Wn.2d at 541. And automatic decline of juvenile court jurisdiction does not violate substantive due process because "adult courts have discretion to consider the mitigating qualities of youth and sentence below the standard range in accordance with a defendant's culpability." 191 Wn.2d at 542-43. Finally, our Supreme Court held that recent developments in jurisprudence regarding sentencing for juveniles and youthful offenders did not undermine its holding. 191 Wn.2d at 543-46.

---

[2] The legislature amended RCW 13.04.030 in 2019 in ways not relevant to this case. The *Watkins* court also addressed the version of the statute adopted in 2009.

Our Supreme Court has rejected the argument that automatic decline of juvenile court jurisdiction violates due process. Therefore, Morales's argument fails.

## II. GUILTY PLEA

Morales also argues that the trial court erred by accepting her guilty plea as knowing and voluntary because the plea lacked a sufficient factual basis and she did not understand the law in relation to the facts. We disagree.

Constitutional due process requires that a defendant's guilty plea must be knowing, intelligent, and voluntary. *State v. Codiga*, 162 Wn.2d 912, 922, 175 P.3d 1082 (2008). For a plea to be voluntary, the defendant must know the offense elements and understand how his conduct satisfies those elements. *State v. R.L.D.*, 132 Wn. App. 699, 705, 133 P.3d 505 (2006). CrR 4.2(d) provides that a trial court may not accept a guilty plea "without first determining that it is made voluntarily, competently, and with an understanding of the nature of the charge and the consequences of the plea." Further, before entering a judgment upon plea of guilty, the trial court must be "satisfied that there is a factual basis for the plea." CrR 4.2(d). This "factual basis" requirement in CrR 4.2(d) protects a defendant from "'pleading voluntarily with an understanding of the nature of the charge but without realizing that his [or her] conduct does not actually fall within the charge.'" *State v. Powell*, 29 Wn. App. 163, 166, 627 P.2d 1337 (1981) (quoting *McCarthy v. United States*, 394 U.S. 459, 467, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969)). The requirement is satisfied when there is sufficient evidence for a jury to conclude that the defendant is guilty. *Powell*, 29 Wn. App. at 166. The trial court may consider all reliable sources in the record to determine whether the plea is supported by sufficient evidence, including

the prosecutor's affidavit in support of probable cause. *State v. Osborne*, 102 Wn.2d 87, 95, 684 P.2d 683 (1984).

A.      *Factual Basis*

Morales argues that there was no factual basis for her guilty plea because (1) she stated that she acted with "intent to cause bodily harm or death" but an intent to cause bodily harm is insufficient to establish the elements of second degree murder; and (2) nothing in Morales's plea statement admitted accomplice liability. Br. of Appellant 14-15 (quoting CP at 18). We disagree.

Morales's plea statement stated that she drove the vehicle with the intent to cause bodily harm or death. She is correct that intent to cause bodily harm is insufficient to establish the elements of second degree murder. RCW 9A.32.050(1)(a) provides: "A person is guilty of murder in the second degree when . . . [w]ith intent to cause the death of another person but without premeditation, he or she causes the death of such person or of a third person." However, Morales's plea was nonetheless supported by ample factual basis of intent to cause death in the affidavit of probable cause and the amended information, which were in the record and considered by the trial court at the plea hearing. *See State v. Arnold*, 81 Wn. App. 379, 382-83, 914 P.2d 762 (1996).

The prosecutor's probable cause affidavit recounted that one of the shooters reported that Morales drove the vehicle, and as they approached the group of boys she yelled, "[S]hoot, shoot, shoot." CP at 6. The affidavit also stated that Morales acknowledged that they went to pick up the gun used in the shooting before going to the location and that no shots were fired at the vehicle before they started shooting. Additionally, at the plea hearing, Morales acknowledged

6

that she had received and reviewed the elements of the crime as set out in the amended information, which stated that she had acted with the intent to cause the death of another person.

Taken together, the affidavit of probable cause, amended information, and Morales's statement provided sufficient evidence in the record for a jury to find that Morales committed second degree murder. Accordingly, there was a factual basis to support Morales's guilty plea.

Morales's argument based on accomplice liability also fails. Accomplice liability arises when there is evidence that the defendant "was 'ready to assist' or intended to encourage the conduct of a coparticipant." *State v. Lozier*, 32 Wn. App. 376, 377, 647 P.2d 535 (1982) (quoting *In re Pers. Restraint of Wilson*, 91 Wn.2d 487, 491, 588 P.2d 1161 (1979)). Here, Morales's plea statement stated that she drove a vehicle from which two young men shot and killed another person with the intent to cause bodily harm or death. And Morales confirmed the accuracy of the statement in her colloquy with the trial court. This statement is sufficient for a jury to conclude that Morales is guilty as an accomplice.

B.  *Nature of the Charge*

Morales also contends that the trial court erred by accepting her guilty plea because it failed to demonstrate that Morales understood the nature of the charge in relation to the facts. But the record does not support her claim.

A defendant must be aware of the nature of the offense in order for her plea to be knowing, voluntary, and intelligent. *State v. Holsworth*, 93 Wn.2d 148, 153, 607 P.2d 845 (1980). The defendant is sufficiently informed of the nature of the offense if she is advised of the offense's essential elements. 93 Wn.2d at 153. In a plea hearing, the trial court is not required to orally recite the elements of each crime or the facts that satisfy those elements, and is

not required to orally question the defendant to ascertain whether she understands the nature of the defense. *See Codiga*, 162 Wn.2d at 924. Instead, the trial court can rely on the written plea agreement if the defendant confirms that she read the agreement and that its statements were true. 162 Wn.2d at 923-24. Also, an information detailing the acts and state of mind necessary to constitute the charged crime adequately informs the defendant of the nature of the offense. *In re Pers. Restraint of Keene*, 95 Wn.2d 203, 209, 622 P.2d 360 (1980).

The record reflects that Morales's defense counsel reviewed the elements of the offense with her and advised her of the maximum penalties. Morales confirmed as much during the colloquy with the trial court when the court asked her if she understood the elements of the crime that the State would have the burden of proving at trial, and she answered in the affirmative. Additionally, she initialed the statement of defendant on plea of guilty which stated, "The elements of this crime are as set out in the Amended Information dated 11/17/17 a copy of which I hereby acknowledge previously receiving and reviewing with my lawyer." CP at 10. The record shows that Morales's plea was knowing and voluntary.

### III. YOUTH AS A MITIGATING FACTOR

Morales also argues that the trial court abused its discretion by failing to properly consider her youth as a mitigating factor. We disagree.

The Sentencing Reform Act (SRA) of 1981, chapter 9.94A RCW, prohibits appeal of a standard range sentence. RCW 9.94A.585(1). However, a defendant may challenge the procedure by which a standard range sentence is determined. *State v. Garcia-Martinez*, 88 Wn. App. 322, 329-30, 944 P.2d 1104 (1997). Review in such cases "is limited to circumstances where the court has refused to exercise discretion at all or has relied on an impermissible basis

for refusing to impose an exceptional sentence below the standard range." *Garcia-Martinez*, 88 Wn. App. at 330.

In *State v. Houston-Sconiers*, our Supreme Court held that "[t]rial courts must consider mitigating qualities of youth at sentencing and must have discretion to impose any sentence below the otherwise applicable SRA range and/or sentence enhancements." 188 Wn.2d 1, 21, 391 P.3d 409 (2017). However, *Houston-Sconiers* does not require the trial court to impose a sentence outside of the standard range if the trial court considers the qualities of youth at sentencing and determines that a standard range sentence is appropriate. *See* 188 Wn.2d at 21.

Here, the superior court was well aware of its ability and discretion to impose an exceptional mitigated sentence based on Morales's youth. And the superior court considered Morales's youth, various declarations on behalf of Morales which blamed her upbringing for her behavior, and the *Houston-Sconiers* decision, before determining that the low end standard range sentence, as recommended by both the State and defense counsel, was appropriate. The superior court did not categorically refuse to exercise its discretion—rather, it exercised discretion and determined that the facts and circumstances did not warrant an exceptional mitigated sentence. Therefore, we affirm Morales's standard range sentence.

## IV. LEGAL FINANCIAL OBLIGATIONS

In her supplemental brief, Morales argues, and the State concedes, that we should remand for the trial court to strike the $200 criminal filing fee and interest accrual provision on nonrestitution LFOs from her judgment and sentence. We agree.

The State concedes that the criminal filing fee and interest accrual provision are improper under recent legislative amendments and *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018).

No. 51279-3-II

We accept the State's concession and remand to the trial court to strike the criminal filing fee and interest accrual provision on nonrestitution LFOs.

We affirm Morales's conviction and remand to the sentencing court to strike the $200.00 criminal filing fee and interest accrual provision on nonrestitution LFOs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Lee, C.J.

Melnick, J.