**The STATE of Texas, Appellant,**

v.

**Linda BRINKLEY, Appellee.**

**The STATE of Texas, Appellant,**

v.

**Francine BAGSBY, Appellee.**

Nos. 12–88–00270–CR, 12–88–00271–CR.

Court of Appeals of Texas,
Tyler.

Jan. 27, 1989.

Marcus Taylor, Quitman, for appellant.
James F. Newth, Dallas, for appellee.

PER CURIAM.

This is an appeal by the State of Texas from a pretrial order granting a motion to suppress evidence concerning the fact that the intended victim of an alleged criminal solicitation of murder was in fact later killed. This appeal by the State is made pursuant to Tex.Code Crim.Proc.Ann. art. 44.01(a)(5) (Vernon Supp.1989), which provides as follows:

(a) The State is entitled to appeal an order of a court in a criminal case if the order:

(5) grants a motion to suppress evidence ... if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence ... is of substantial importance in the case.

On February 12, 1988, appellees Linda Brinkley and Francine Bagsby were separately indicted by a Wood County Grand Jury for criminal solicitation of murder of Benny Brinkley under the provisions of Tex.Penal Code Ann. § 15.03 (Vernon 1974). Article 15.03 provides as follows:

(a) A person commits an offense if, with intent that a capital felony or felony of the first degree be committed, he requests, commands, or attempts to induce another to engage in specific conduct that, under the circumstances surrounding his conduct as the actor believes them to be, would constitute the felony or make the other a party to its commission.

(b) A person may not be convicted under this section on the uncorroborated testimony of the person allegedly solicited and unless the solicitation is made under circumstances strongly corroborative of both the solicitation itself and the actor's intent that the other person act on the solicitation.

The two indictments are identical and allege in part that on or about September 7, 1987, Linda Brinkley and Francine Bagsby did then and there intentionally, with intent that murder, a first degree felony be committed, did request, command and attempt to induce Adolphus Eugene Brown, to engage in specific conduct, namely intentionally and knowingly cause the death of Benny Brinkley.

On June 27, 1988, the trial court granted appellees' motion to suppress all evidence that Benny Brinkley, the intended victim of the subject criminal solicitation, was in fact killed or that he is in fact dead. The State appeals the order granting the motion to suppress evidence. The trial of the two cases has been stayed[1] pending the outcome of this appeal.

At the hearing on the motion to suppress, the prosecutor testified that the State intended to call seven witnesses during the trial, each of which would testify that Linda Brinkley had made statements that she was either going to kill her husband, Benny Brinkley, or have her husband killed. The prosecutor also testified that the State intended to call two witnesses who would testify that both Linda Brinkley and her mother, Francine Bagsby, solicited them to commit the murder of Benny Brinkley and promised to pay them a portion of the life insurance proceeds on Benny Brinkley's life. The prosecutor also testified that the State intended to call a representative from Benny Brinkley's employer who would testify that Linda Brinkley was the beneficiary of a life insurance policy in the amount of $36,000.00. The State further intended to show at the trial by the testimony of the medical examiner that Benny Brinkley was killed as a result of two gunshot wounds to the head. The State expected the medical examiner to state that the cause of death was a homicide.

The State admits in its brief that it is unable to link appellees to the actual murder other than by the solicitation and that the actual murder of Benny Brinkley remains unsolved. However, the State argues that evidence of the fact that Benny Brinkley was killed is strongly corroborative of the seriousness of the solicitation and therefore should be admissible.

1. Pursuant to Tex.Code Crim.Proc.Ann. art. 44.- 01(e) (Vernon Supp.1989).

The offense of criminal solicitation is completed when the culpable request or inducement to commit a capital felony or a first degree felony is unilaterally presented. Proof that the felony is actually committed is not required to establish the offense of solicitation. Guilt of solicitation may be established solely by proving the communication and the culpable intent. Tex.Penal Code Ann. § 15.03 (Vernon 1974).

The murder itself is an extraneous offense to the solicitation. In order for an extraneous offense to be admissible, the State must be able to prove that appellees were the perpetrators of the extraneous offense. *Castillo v. State*, 739 S.W.2d 280 (Tex.Cr.App.1987). Even though evidence of another crime may be relevant to the instant proceeding, such evidence should not be admitted unless the commission of the other crime is clearly proved and the accused is shown to be the perpetrator. *Castillo*, 739 S.W.2d at 289; *see also McCann v. State*, 606 S.W.2d 897, 900–901 (Tex.Cr.App.1980).

We conclude that the evidence that the intended victim was actually killed, without any evidence to link the killing to the solicitation, is not admissible.

We hold that the trial court correctly granted the motion to suppress evidence that the intended victim of the alleged solicitation of murder was in fact killed and is dead. The order granting the motion to suppress evidence is affirmed, and the causes are remanded to the trial court for trial or further proceedings consistent with this opinion.