**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John Elton COX, Defendant–Appellant.**

No. 95–30095.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 1995.

Decided Jan. 23, 1996.

Stephen R. Hormel, Assistant Federal Public Defender, Spokane, Washington, for defendant-appellant.

Jane M. Kirk, Assistant United States Attorney, Yakima, Washington, for plaintiff-appellee.

Before: D.W. NELSON and NOONAN, Circuit Judges; TANNER, District Judge *.

NOONAN, Circuit Judge:

John Elton Cox pleaded guilty to the crime of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He appeals his sentence. The principal question is whether a charge of solicitation of murder charges a crime of violence for sentencing purposes. We hold that it does and affirm the district court.

*FACTS*

Cox was indicted in Texas on the charge that he "request[ed] Howard W. Keear to

---

* The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation.

**190**

murder his wife, Peggy Lynn Cox, with the promise of remuneration." He pleaded nolo contendere and was sentenced to 17 years imprisonment. He was later paroled to his home territory of Yakima, Washington. He was there apprehended in the possession of firearms.

### PROCEEDINGS

.Cox entered into a plea bargain whereby he pleaded guilty to the violation of 18 U.S.C. § 922(g)(1). The district court held that his earlier conviction was for a crime of violence and calculated the base level of his offense at 20. The district court also imposed a fine of $10,000. Cox appeals both the calculation of the base level and the fine.

### ANALYSIS

1. *The Crime of Violence.*

The Sentencing Guidelines prescribe a base offense level of 20 if the defendant "had one prior felony conviction of either a crime of violence or a controlled substance offense...." U.S.S.G. § 2K2.1(a)(4). Application Note 5 informs us that "crime of violence" is defined in § 4B1.2.

Turning to § 4B1.2, we find this definition:
(1) The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that—
  (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
  (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. U.S.S.G. § 4B1.2(1).

The question then becomes whether the crime of which Cox was charged and convicted in Texas involved "conduct that presents a serious potential risk of physical injury to another."

Cox argues that in Texas the crime of solicitation is committed by simply communicating the request to commit the felony, whether or not the recipient of the request responds or was likely to respond. *State v.*

*Brinkley*, 764 S.W.2d 913 (Tex.App.1989). The offense "does not rise to the level of attempt or conspiracy." *Schwenk v. State*, 733 S.W.2d 142, 147–48 (Tex.App.1981).

Cox further argues that the Guidelines § 4B1.2, Application Note 1 says: "[t]he terms 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring and attempting to commit such offenses." He notes that "solicitation" is not mentioned. He bolsters his argument by *United States v. Dolt*, 27 F.3d 235, 238–39 (6th Cir.1994). The issue in *Dolt* was whether for the purpose of determining a career offender a Florida conviction of solicitation to traffic in cocaine constituted a controlled substance offense. *Dolt* held that solicitation in Florida was a less serious crime than conspiracy, aiding and abetting, or attempt and was not analogous to attempt of a controlled substance offense. *Dolt* attached significance to the non-inclusion of solicitation in § 4B1.2. *Id.* at 239–240.

We are not deciding the precise issue presented in *Dolt* and so need not quarrel with its result as to solicitation of cocaine trafficking. We do note that the Guidelines themselves instruct us that when they use the term "includes" they do not mean to be exhaustive. U.S.S.G. § 1B1.1 note 2. Consequently, the omission of solicitation from the list does not carry legal significance.

▮ To ask someone to murder your wife for money involves a high degree of threat of physical force against one's wife. Hence the charge against Cox in Texas involved conduct that presents a serious potential risk of physical injury to another. Under our precedents, a prior conviction of a crime of violence can be established by the conduct expressly charged. *United States v. Young*, 990 F.2d 469, 472 (9th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 276, 126 L.Ed.2d 226 (1993). Cox's conviction satisfies this test.

▮ 2. *The Fine.* Cox challenges the fine on the grounds that he is indigent. The district court found that he had transferred property to his father-in-law in what was "nothing more than a straw arrangement in fraud of [his] creditors." The finding is not shown to have been erroneous. The district

court properly concluded that Cox had the assets to pay the fine.

**AFFIRMED.**