91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kraig Kazuo FUJINAKA, Defendant-Appellant.
 No. 95-56564.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kraig Kazao Fujinaka appeals pro se the district court's denial of his 28 U.S.C. § 2255 petition challenging his conviction for aiding and abetting the robbery of a bank in violation of 18 U.S.C. §§ 2(a) and 2113(a). He contends that he was improperly sentenced as a career criminal under U.S.S.G. § 4B1.1. We affirm.
 
 
 3
 We reject Fujinaka's contention that solicitation of murder, Cal.Penal Code § 635f, is not a "crime of violence" as defined in U.S.S.G. § 4B1.2. See United States v. Cox, 74 F.3d 189, 189-90 (9th Cir.1996) (holding that a state crime of solicitation of murder is a crime of violence for purposes of section 4B1.2). We also reject Fujinaka's contention that in denying his section 2255 petition, the district court "resentenced" him by using for the first time his prior solicitation conviction as a basis for sentencing him as a career criminal, and therefore subjected him to double jeopardy. The record shows that Fujinaka was sentenced as a career criminal based on his two prior robbery convictions and his prior solicitation of murder conviction. Moreover, double jeopardy is not implicated by resentencing when a prisoner places his sentence at issue and the sentence has not been completely served. United States v. Caterino, 29 F.3d 1390, 1397 & n. 2 (9th Cir.1994).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3