**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bryan Lynn SHUMATE, Defendant–
Appellant.**

**No. 01–50610.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2003.

Filed May 20, 2003.

---

Siri Shetty, Federal Defenders of San Diego, Inc., San Diego, CA, for the defendant-appellant.

Patrick K. O'Toole, United States Attorney (when brief was filed), Carol C. Lam, United States Attorney (when opinion was filed), Mi Yung Claire Park, Assistant U.S. Attorney (on the brief), Pennie M. Carlos, Assistant U.S. Attorney (at oral argument), United States Attorney's Office, San Diego, CA, for the plaintiff-appellee.

Before: BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

## OPINION

FERNANDEZ, Circuit Judge:

Bryan Lynn Shumate was convicted by guilty plea and sentenced for importation of marijuana. *See* 21 U.S.C. §§ 952, 960. The district court used an Oregon drug conviction in deciding that he was a career offender. *See* USSG § 4B1.1.[1] Shumate claims that from a categorical perspective, the conviction was not a qualifying one. We disagree and affirm.

### BACKGROUND

In March 2001, Shumate was arrested at the San Ysidro Port of Entry when custom inspectors found 34 packages of marijuana concealed in various places in an automo-

---

1. All references are to the November 1, 2000, version of the Sentencing Guidelines.

bile that he was driving. He was the sole occupant of the automobile. He ultimately pled guilty to knowing and intentional importation of marijuana from Mexico into the United States. *See* 21 U.S.C. §§ 952, 960.

At sentencing, the district court determined that Shumate was a career offender within the meaning of USSG § 4B1.1, which provides, in pertinent part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The result was that Shumate's total offense level became 14 and his criminal history level became VI, which placed him in a guideline range of 37–46 months.[2] The district court sentenced him to imprisonment for 37 months.

The district court found him to be a career offender because of two prior drug convictions. One of them was a conviction in Oregon for delivery of marijuana for consideration. *See* Or.Rev.Stat. § 475.992. That section reads, in pertinent part: "[I]t is unlawful for any person to manufacture or deliver a controlled substance.... Any

person who delivers marijuana for consideration is guilty of a Class B felony." *Id.* §§ 475.992(1), (2)(a). Delivery is defined as "the actual, constructive or attempted transfer ... from one person to another of a controlled substance." *Id.* § 475.005(8). That, says Shumate, does not meet the definition of a controlled substance offense within the meaning of § 4B1.1 of the Guidelines. Thus, this appeal.

## JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

■ We review the district court's interpretation of the Sentencing Guidelines and its determination that Shumate is a career offender de novo. *United States v. Riley*, 183 F.3d 1155, 1157 (9th Cir.1999).

## DISCUSSION

The only substantial and dispositive question before us is whether Shumate's Oregon offense was a predicate offense for career offender purposes.[3] There can be no doubt that Shumate's current offense is a felonious controlled substance offense, but it is pellucid that in order to obtain application of the career offender enhancement the government must additionally prove that he was over 18 years of age when he committed the offense at hand,

2. Had he not been a career offender, his offense level would have been 13 and his criminal history level IV. The guideline range would then have been 24–30 months.

3. We are also invited to opine about a firefight over the proper standard of review of the factual basis for the enhancement. Of course, the government must prove the enhancing facts, and the standard is usually preponderance of the evidence. *See United States v. Howard*, 894 F.2d 1085, 1090 (9th Cir.1990). However, there are times when the standard

rises to clear and convincing evidence. *See United States v. Jordan*, 256 F.3d 922, 926–27 (9th Cir.2001). On the facts of this case, we doubt that the clear and convincing standard is required. *See United States v. Johansson*, 249 F.3d 848, 853–54, 856 (9th Cir.2001); *United States v. Herrera–Rojas*, 243 F.3d 1139, 1143–44 (9th Cir.2001). Nevertheless, we need not resolve the issue because what we really decide here is a legal question about the nature of the Guidelines and the Oregon statute.

and that the Oregon predicate offense was a felonious controlled substance offense within the meaning of the Guidelines. USSG § 4B1.1. There is no dispute that he was over the age of 18 at the time he committed this offense, so the only remaining issue is whether his Oregon offense was a felonious controlled substance offense for guideline purposes. It is the agon over that question that brings this case before us.

A controlled substance offense for the purpose of § 4B1.1 is defined as follows:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2(b). Moreover, the application notes inform us that: " 'Crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* § 4B1.2, comment. (n.1). Shumate insists that his Oregon conviction does not fit within those definitions because we must apply a categorical approach and, for all we know, he might have been convicted of mere solicitation under Oregon law, which, he argues, is not within the guideline's meaning.

■ We agree with Shumate that in determining whether a prior conviction qualifies as a career offender predicate, this court applies the categorical approach established by the United States Supreme Court in *Taylor v. United States,* 495 U.S. 575, 588–89, 110 S.Ct. 2143, 2153, 109 L.Ed.2d 607 (1990). *See United States v. Sandoval–Venegas,* 292 F.3d 1101, 1106 (9th Cir.2002); *United States v. Corona–Sanchez,* 291 F.3d 1201, 1203, 1212–13 (9th Cir.2002). We also agree that we must first look at the face of the statute itself and determine whether "the fact of conviction and the statutory definition of the prior offense" demonstrate that Shumate could not have been convicted of an offense outside the guideline definition. *See Corona–Sanchez,* 291 F.3d at 1203 (quotation marks omitted). If the predicate conviction does not pass that test, we may look a little further. We may also consider whether other documentation and judicially, noticeable facts demonstrate that the offense was, indeed, within the Guidelines' definition. *See United States v. Casarez–Bravo,* 181 F.3d 1074, 1077 (9th Cir.1999); *see also United States v. Rivera–Sanchez,* 247 F.3d 905, 909 (9th Cir.2001). On the solicitation issue, we need not go beyond the first step, except to say that no other facts before us demonstrate that Shumate was not convicted of delivery of marijuana.[4]

■ We say we need go no further because Shumate's sole claim is that his offense is not categorically included in the Guidelines' definition due to the fact that the Oregon statute includes an attempt to deliver a controlled substance, and the Oregon courts have declared:

> [I]f a person solicits another to engage in conduct constituting an element of the crime of delivery, *e.g.,* to provide to the person a controlled substance for the

---

4. Shumate also asserts that he might have been convicted of a misdemeanor. We think not. He was indicted for a felony offense. *See* Or.Rev.Stat. § 475.992(2)(a). Nothing indicates that the court exercised its discretion to reduce the offense to a misdemeanor. *Cf.* Or.Rev.Stat. § 161.705. More importantly, the court referred to and ranked his conviction as a felony and he received a felony guideline sentence of probation. *See* Or. Admin. R. § 213–004–0001, & app. 1.

purpose of distribution to third parties, the person has taken a substantial step toward committing the crime of attempted delivery under ORS 475.992(1). Under that statute, the conduct constitutes delivery.

*State v. Sargent,* 110 Or.App. 194, 198, 822 P.2d 726, 728 (1991). For purposes of this opinion, we accept Shumate's assertion that his conviction might have been for solicitation of delivery of marijuana. If so, the question is whether solicitation is within the Guidelines' definition of a controlled substance offense for purposes of § 4B1.1. We are satisfied that it is.

In reaching that conclusion, we are guided by our decision in *United States v. Cox,* 74 F.3d 189, 190 (9th Cir.1996). In *Cox,* the defendant solicited the murder of his wife by requesting that another person carry out that dastardly deed with a promise of remuneration. *Id.* at 189–90. Cox was duly convicted for making that request. He asserted that mere solicitation was enough to result in his conviction in Texas, "whether or not the recipient of the request responds or was likely to respond." *Id.* at 190. Thus, said he, the offense was not included in the Guidelines' definition of a crime of violence because, beyond commission of the offense itself, the guideline only refers to " 'aiding and abetting, conspiring and attempting to commit' " the offense in question. *Id.* (citation omitted).

We rejected that assertion and pointed out that the categories mentioned in the definition did not exhaust the possibilities. *Id.* What Cox had overlooked was the fact that the list he recited was preceded by the word "include." *See* USSG § 4B1.2,

comment. (n.1). In guideline parlance "[t]he term 'includes' is not exhaustive...." *Id.* § 1B1.1, comment. (n.2). If Cox was not aware of that, we were and said: "We do note that the Guidelines themselves instruct us that when they use the term 'includes' they do not mean to be exhaustive. Consequently, the omission of solicitation from the list does not carry legal significance." *Cox,* 74 F.3d at 190 (citation omitted). In other words, solicitation was included in the definition of the predicate offense for the purposes of § 4B1.1.[5]

We do not see how a single definition which refers to two different categories of crime—crimes of violence and controlled substance offenses—could mean one thing as applied to one category and something different as applied to the other. Rather, the scope of the provision must be the same for both categories of offense. In so stating, we are aware of the fact that in *Cox* we went on to point out that solicitation of murder does constitute "a high degree of threat of physical force" against the proposed victim. *Id.* As we see it, that makes no real difference; it can as easily be said that solicitation of delivery of drugs presents a high degree of threat that they will be delivered. Categorically speaking, there is no difference. In any event, our decision that the word "include" in § 4B1.2 allows inclusion of solicitation for crimes of violence means, perforce, that it also allows inclusion of solicitation for controlled substance offenses.

Assuredly, the definition of crime of violence contains "serious potential risk of physical injury" language within itself,[6]

---

**5.** The decision in *Cox* is not contrary to our opinion in *Rivera–Sanchez,* 247 F.3d at 909. *Rivera–Sanchez* did not deal with the career offender provision at hand. It dealt with the aggravated felony provisions of USSG § 2L1.2(b)(1)(A). *Id.* at 907. Those are con-

strained by the provisions of 8 U.S.C. § 1101(a)(43)(B), 8 U.S.C. § 1326 and 18 U.S.C. § 924(c)(2). The guideline at hand is not. *See* USSG § 4B1.1 comment. (backg'd).

**6.** USSG § 4B1.2(a).

but, as we see it, that could not bear the weight of including mere solicitation as part of the substance of the offense were it not for our insight in *Cox.* That insight made it clear that it is the note[7] which expands the guideline categories beyond the actual fulfillment of the elements of the crime by the defendant. The note assures that conviction of other acts, which amount to aiding and abetting, conspiracy, attempt or solicitation, are also crimes of violence and that the failure to mention solicitation has no "legal significance." Were that not so, there would have been no need for the note to point out that additional categories are included within the substance of crime of violence offenses, for they would be included automatically. In other words, as to those offenses, the note would be mere surplusage.[8] Thus, it is the note that sweeps solicitation into the crime of violence net, and concinnity requires that it sweep solicitation into the controlled substance net also.

We recognize that the Sixth Circuit has decided to the contrary, but the evolution of its approach is interesting in itself. It first decided the controlled substance question. *See United States v. Dolt,* 27 F.3d 235, 240 (6th Cir.1994). In *Dolt,* the court noted that the defendant had been convicted of solicitation of a drug offense in Florida. *Id.* at 236–37. It then reflected on the fact that the § 4B1.2 guideline note refers to " 'aiding and abetting, conspiring, and attempting.' " *Id.* at 237. Next, it declared that solicitation is none of those. *Id.* at 238–39. Then, without noticing the "include" language in the guideline note, the court determined that because solicitation is not enumerated in that note, it is not a controlled substance offense for

purposes of § 4B1.1. *Id.* at 239–40. We were aware of, but saw no real need to quarrel with, that decision when we decided *Cox,* although, as already discussed, we were cognizant of the significance of the "include" language.

Later on, the Sixth Circuit took up the solicitation issue again. *See United States v. Walker,* 181 F.3d 774, 781 (6th Cir.1999). In *Walker,* the predicate crime was solicitation to commit aggravated robbery in Tennessee. *Id.* at 780. The court referred to *Dolt,* but did not really question, distinguish or discuss it. *Id.* at 780–81. Rather, the court contented itself with the reflection that solicitation of robbery does present a serious risk of injury to others and, therefore, decided that solicitation is within the meaning of crime of violence. *Id.* at 781. It, too, failed to refer to the "include" language of the note. With all due respect, we think that the path of development of the law in the Sixth Circuit has involved it in the inconsistency that we have already discussed; that is, it has decided that, somehow, the "include" clause does not exclude solicitation from crimes of violence, but does exclude solicitation from controlled substance offenses. We simply do not agree.

### CONCLUSION

Shumate seeks to avoid the career offender enhancement on the basis that, regardless of what his behavior might have been in the real, concrete world, for all we know he might have only solicited the delivery of marijuana rather than delivering it, or aiding and abetting delivery, or conspiring or attempting to deliver it. With our categorical legal blinders on, we agree

---

7. *Id.* at comment. (n.1).

8. Another more unlikely possibility is that the Commission felt it was necessary to expressly mention the categories in that note and not

"solicitation" because solicitation would automatically be included in the substance of the concept of crime of violence, but even more dangerous activities, such as attempts and conspiracy, would not be.

that might be true. But it avails him nothing. His prospects remain gloomy because solicitation is also enough to dub his conviction a predicate offense for the purposes of USSG § 4B1.1.

AFFIRMED.

PAEZ, Circuit Judge, concurring:

I agree with the conclusion that Shumate's Oregon conviction was a predicate offense for career offender purposes. I also agree that after our decision in *United States v. Cox*, 74 F.3d 189 (9th Cir.1996), USSG § 4B1.2 "allows inclusion of solicitation for controlled substance offenses." Slip Op. at ——. I do not understand *Cox* or our holding today to mean, however, that solicitation of another to commit a controlled substance offense will always *automatically* qualify as a predicate offense under USSG § 4B1.1, without regard to the statute of conviction. As the Sentencing Guidelines direct, the ultimate focus of inquiry must be on "the offense of conviction (i.e., the conduct of which the defendant was convicted)" and whether it describes an offense involving conduct which meets the Guidelines' definition of a controlled substance offense. *See* USSG § 4B1.2, comment. (n.2). Assuming for purposes of the categorical analysis that Shumate's Oregon conviction was for solicitation of delivery of marijuana, I believe that his conviction satisfies this test.

As noted in the opinion, under Oregon Revised Statute ("ORS") § 475.992(1), solicitation of delivery of marijuana involves a request "to provide to the person a controlled substance for the purpose of distribution to third parties." *State v. Sargent*, 110 Or.App. 194, 197, 822 P.2d 726 (1991). Because the Sentencing Guidelines define a controlled substance offense as one which "prohibits the manufacture, import, export, distribution or dispensing of a controlled substance or possession of a controlled substance with intent to manu-

facture, import, export, distribute or dispense," USSG § 4B1.2(b), and because "the conduct of which [Shumate] was convicted" involved an intent to distribute, his conviction qualifies as a controlled substance offense under § 4B1.1(a). With that understanding, I concur in Judge Fernandez's opinion.