UNITED STATES of America,
Plaintiff—Appellee,

v.

Gilbert L. LERMA, also known as
Smokey Lerma, Defendant—
Appellant.

No. 05–10048.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 15, 2005 *

Decided Dec. 8, 2005.

Thomas C. Simon, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**4**

Lynn T. Hamilton, Esq., Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, RYMER and GOULD, Circuit Judges.

MEMORANDUM **

Following a guilty plea, Gilbert Lee Lerma was convicted of assault with a dangerous weapon in violation of 18 U.S.C. §§ 1153, 113(a)(3). He now contends on appeal that the district court erred in ruling at sentencing he was a career offender under USSG § 4B1.1(a)(3).

Lerma contends his 1996 Arizona conviction for aggravated assault was not a crime of violence. Lerma was convicted of "[i]ntentionally placing another person in reasonable apprehension of imminent physical injury," using "a deadly weapon or dangerous instrument." Ariz.Rev.Stat. §§ 13–1203(A)(2), 13–1204(A)(2). Because Lerma threatened someone else with a dangerous weapon, he committed a crime that fell within one of the definitions of a crime of violence: "threatened use of physical force against the person of another." USSG § 4B1.2(a)(1).

Lerma also contends his 1994 Arizona conviction for class 6 felony endangerment was not a crime of violence. "Class 6 felony endangerment" is defined as "recklessly endangering another person with a substantial risk of imminent death." Ariz.Rev.Stat. § 13–1201. This meets the definition of a crime of violence because it "involves . . . a serious potential risk of injury to another." USSG § 4B1.2(a)(2).

Lerma also argues the district court impermissibly engaged in fact-finding to determine he committed crimes of violence. The record shows the district court relied only on the face of his convictions and the statutory definitions of the crimes. This was not error. *United States v. Shumate,* 329 F.3d 1026, 1029 (9th Cir.2003). Because the district court correctly ruled Lerma had previously been convicted of two crimes of violence, it did not err in concluding he is a career offender.

Lerma was sentenced before the Supreme Court decided *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Therefore, we remand to the district court to determine whether it would have sentenced Lerma differently under a nonmandatory sentencing regime. *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005).

**AFFIRMED IN PART; REMANDED IN PART.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.