**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Anthony D. JOHNSON, Defendant—
Appellant.**

No. 05–30388.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 17, 2006.*

Decided Sept. 5, 2006.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

---

Russell E. Smoot, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff—Appellee.

Robert E. Caruso, Caruso Law Offices, Terence M. Ryan, Esq., Nino & Ryan Law Office, Spokane, WA, for Defendant—Appellant.

Before: REAVLEY,** PREGERSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM ***

Anthony D. Johnson appeals his conviction and sentence for two counts of distribution of five grams or more of cocaine base and one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm the district court's judgment.

Johnson argues that the district court abused its discretion by excluding an expert audiologist from testifying that a recorded conversation was unintelligible. This argument lacks merit because the district court properly determined that an expert was not needed to tell a juror what he could or could not hear. *See Beech Aircraft Corp. v. United States,* 51 F.3d 834, 842 (9th Cir.1995).

Johnson also argues that the district court abused its discretion by not allowing full cross-examination of the government's confidential informant when it excluded inquiry into whether the witness paid income taxes. The limitation on cross-examination was not an abuse of discretion or a Sixth Amendment violation because the jury was presented with sufficient evidence to appraise the witness's biases and motivations. *See United States v. Holler,* 411 F.3d 1061, 1066 (9th Cir. 2005). Moreover, Johnson failed to establish a good faith basis for the questioning under Federal Rule of Evidence 702.

Johnson's argument that there was insufficient evidence to support his conviction also fails. The confidential informant testified as an eyewitness to the three drug transactions. His testimony was corroborated by audio and video evidence and by the testimony of DEA agents. Agent Cummings also testified as an eyewitness to the third transaction. Accordingly, there is sufficient evidence upon which a "jury [could find] the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 309, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Johnson's argument based on his Sixth Amendment right to effective assis-

---

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tance of counsel also fails. The record does not establish that but for the alleged shortcomings of trial counsel, the results of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Finally, Johnson contends that the district court erred by finding that he qualified as a career offender under the sentencing guidelines. However, under *United States v. Shumate*, 329 F.3d 1026, 1030–31 (9th Cir.2003), Johnson's prior conviction for solicitation to possess drugs with intent to distribute qualifies as a predicate conviction under the sentencing guidelines. Johnson's sentence is not otherwise contrary to law.

**AFFIRMED.**