**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50142 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00034-LAB-1 |
| v. | |
| REGNALDO VARGAS-MENDOZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted March 10, 2011
Pasadena, California

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Regnaldo Vargas-Mendoza appeals his sentence for illegal reentry after

removal in violation of 8 U.S.C. § 1326. Vargas-Mendoza argues that his prior

state conviction for possession of cocaine with intent to deliver under Wash. Rev.

Code § 69.50.401 is not categorically a "drug trafficking offense" warranting a 16

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

level increase in his offense level under U.S.S.G. § 2L1.2(b)(1)(A)(i). He also contends that the district court procedurally erred by failing to explain its decision to apply the 16 level increase, and that the government was required to charge and prove to a jury the fact of his prior conviction, contrary to the holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

1. The district court properly concluded that a conviction under Wash. Rev. Code § 69.50.401 is categorically a conviction for a "drug trafficking offense" as defined by U.S.S.G. § 2L1.2(b)(1)(A)(i). We look to the statute of conviction to determine whether the state statute potentially criminalizes conduct that would not qualify as a "drug trafficking offense" as defined in the Guidelines. *Taylor v. United States*, 495 U.S. 575, 588-89 (1990); *United States v. Shumate*, 329 F.3d 1026, 1029 (9th Cir. 2003).

Vargas-Mendoza contends that because he could be convicted as a principal for mere solicitation under the state of Washington's complicity statute, Wash. Rev. Code. § 9A.08.020(3), the statute of conviction criminalizes conduct beyond that included in the definition of "drug trafficking offense." While Vargas is correct that there exists a possibility that one could be convicted under the state statute as a principal on a theory of accomplice liability, this theory of liability falls within the definition of "drug trafficking offense." The Commentary to U.S.S.G. §

2L1.2 instructs that "[p]rior convictions of offenses counted under subsection (b)(1) include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses." U.S.S.G. § 2L1.2 cmt. n.5 ("note 5"). This list of included offenses is not exhaustive. *See* U.S.S.G. § 1B1.1 cmt. n.2. Therefore, the "omission of solicitation from the list does not carry legal significance." *Shumate*, 329 F.3d at 1030 (quoting *United States v. Cox*, 74 F.3d 189, 190 (9th Cir. 1996)); *see also United States v. Contreras-Hernandez*, 628 F.3d 1169, 1172 (9th Cir. 2011).

   We have previously held that solicitation is "sufficiently similar" to the offenses listed in note 5 to be encompassed within § 2L1.2 because "the mens rea and actus reus required for solicitation are similar to those required for aiding and abetting, conspiracy and attempt." *Id.* at 1173 (quoting *United States v. Cornelio-Pena*, 435 F.3d 1279, 1286 (10th Cir. 2006)); *see Cornelio-Pena*, 435 F.3d at 1288 (finding that a solicitation conviction was sufficiently similar to the other enumerated offenses because it required proof that the defendant intended the underlying crime to be committed). A person can be convicted under Washington law as a principal only where an intent to facilitate the underlying crime is found. *State v. Rotunno*, 631 P.2d 951, 952 (Wash. 1981) (citing *In re Wilson*, 588 P.2d 1161 (Wash. 1979)); *State v. Galisia*, 822 P.2d 303, 307 (Wash. Ct. App. 1992) ("[I]t is the intent to facilitate another in the commission of a crime by providing

assistance through his presence or his act that makes the accomplice criminally liable"). Because solicitation satisfies the definition of drug trafficking offenses in § 2L1.2, the district court did not err in increasing Vargas-Mendoza's offense level by 16.[1]

2. The district court did not procedurally err by failing to explain why Vargas-Mendoza's 1992 conviction was categorically a drug trafficking offense warranting a 16 level increase under § 2L1.2. The district court's explanation must be sufficient "to permit meaningful appellate review." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (citing *Rita v. United States*, 551 U.S. 338, 356 (2007)). Though a detailed explanation is not necessary where "'the record makes clear that the sentencing judge considered the evidence and arguments.'" *United States v. Daniels*, 541 F.3d 915, 922 (9th Cir. 2008) (quoting *Rita*, 551 U.S. at 359).

The district court stated that it reviewed and considered Vargas-Mendoza's criminal history report and his objections to that report, his sentencing memorandum and the government's response, the government's sentencing

---

[1] Moreover, Vargas-Mendoza failed to identify a single Washington case where a conviction for violating Wash. Rev. § 69.50.401(a) was based on a theory of solicitation. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) ("[T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language.").

summary chart, the abstract of the state judgment, and other plea documents. After reviewing these documents, the district court stated that the calculations in the government's sentencing summary, which included the 16 level increase, were correct. Because the district court adequately considered the arguments and evidence in the record, it did not procedurally err by failing to provide any further explanation.

3. The government was not required to charge and prove the fact of Vargas-Mendoza's prior conviction to a jury. The Supreme Court's decision in *Nijhawan v. Holder*, 129 S. Ct. 2294 (2009), did not overrule its previous holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), that § 1326(b) constitutes a sentencing provision rather than a separate element. We rejected that argument in *United States v. Valdovinos-Mendez*, 641 F.3d 1031 (9th Cir. 2011), where we held that the opinion in *Nijhawan*, "does not cast doubt on the continuing validity of the Court's clear holding in *Almendarez-Torres*." *Id*. at 1036.

**AFFIRMED.**