**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10384 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-03362-JGZ-DTF-1 |
| v. | |
| MIGUEL AMBROSIO BELTRAN-OCHOA, AKA Miguel Beltran-Ochoa, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted July 8, 2013
San Francisco, California

Before: FERNANDEZ, PAEZ, and BERZON, Circuit Judges.

Defendant Miguel Ambrosio Beltran-Ochoa appeals his sentence for

attempted illegal entry after deportation, in violation of 8 U.S.C. § 1326. Beltran-

Ochoa argues that the district court erred by imposing a twelve-level sentencing

enhancement under U.S.S.G. § 2L1.2(b)(1)(B), because his prior conviction for

---

 *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

solicitation to possess narcotic drugs for sale, Ariz Rev. Stat. §§ 13-1002, 13-3408(A)(2), is not categorically a "drug trafficking offense."

**1.** Beltran-Ochoa does not dispute that a prior conviction for possession of a narcotic drug for sale, under Ariz. Rev. Stat. § 13-3408(A)(2), would categorically be a "drug trafficking offense" for purposes of § 2L1.2(b)(1)(B). *See* U.S.S.G. § 2L1.2(b)(1) cmt. n.1(B)(iv) (defining "drug trafficking offense"). He argues, however, that a conviction for *solicitation* to possess narcotic drugs for sale is not categorically a "drug trafficking offense."

**2.** The sentencing guidelines provide that a "drug trafficking offense" is defined to "include the offenses of aiding and abetting, conspiring, and attempting[] to commit" any of the offenses counted under § 2L1.2(b)(1). U.S.S.G. § 2L1.2 cmt. n.5. Beltran-Ochoa argues that because "solicitation" is not enumerated in note 5, a conviction for solicitation to possess narcotic drugs for sale is not categorically a drug trafficking offense. But we have previously rejected the argument that "solicitation" is not included in note 5 because it "differs from and is less serious than aiding and abetting, conspiring or attempting," *United States v. Contreras-Hernandez*, 628 F.3d 1169, 1172 (9th Cir. 2011). To the contrary, we have cited with approval the proposition that "'solicitation is sufficiently similar to the offenses listed in the application note to be encompassed by the note.'" *Id.* at

2

1173 (quoting *United States v. Cornelio-Pena*, 435 F.3d 1279, 1286 (10th Cir. 2006)); *see also id.* at 1172 (finding it significant that the guidelines state that "'[t]he term 'includes' is not exhaustive'" (quoting U.S.S.G. § 1B1.1 cmt. n.2)). Although *Contreras-Hernandez* concerned a sentencing enhancement for a prior felony "crime of violence" conviction, U.S.S.G. § 2L1.2(b)(1)(A)(ii), it considered the same note at issue in this case. *Contreras-Hernandez*, 628 F.3d at 1171 n.9; *see also* U.S.S.G. § 2L1.2 cmt. n.5 (referring to "subsection (b)(1)"). *Cf. United States v. Shumate*, 329 F.3d 1026, 1030 (9th Cir. 2003); *United States v. Cox*, 74 F.3d 189, 190 (9th Cir. 1996) (holding that "the omission of solicitation" from an almost identically worded commentary note, U.S.S.G. § 4B1.2 cmt. n.1, "does not carry legal significance"). We therefore conclude that the district court did not err in imposing a twelve-level sentencing enhancement for Beltran-Ochoa's prior drug trafficking conviction.

AFFIRMED.