NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30041 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00025-SPW-1 |
| v. | |
| JAMES N. NEVELS III, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 3, 2021**
Portland, Oregon

Before: PAEZ and WATFORD, Circuit Judges, and TUNHEIM,*** District Judge.

James Nevels, III appeals from the district court's judgment imposing a

sentence of 180 months imprisonment and 5 years of supervised release.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

Specifically, Nevels challenges the district court's application of a career-offender enhancement under U.S.S.G. § 4B1.1 based on Nevels's prior convictions for controlled substance offenses. In imposing this sentence, the district court relied solely on a presentence investigation report (PSR) that did not include the statutes under which Nevels had previously been convicted. We affirm the district court's sentence.

The district court erred when it relied on a PSR that did not include the statutes of conviction to impose a career-offender enhancement under U.S.S.G. § 4B1.1. *See United States v. Pimentel-Flores*, 339 F.3d 959, 967–68 (9th Cir 2003). The fact that Nevels's predicate offenses were controlled substance offenses, rather than crimes of violence, does not render reliance on the PSR permissible because the district court was still obligated to perform a categorical analysis, which requires analyzing the statutes of conviction. *See United States v. Shumate*, 329 F.3d 1026, 1029 (9th Cir. 2003).

Because Nevels did not object below, we review only for plain error, and here the district court's error did not affect Nevels's substantial rights. *See United States v. Olano*, 507 U.S. 725, 734–35 (1993). The government has moved to supplement the record with the documents that the probation officer reviewed in preparing Nevels's PSR, and those documents identify the statutes of conviction for two of Nevels's prior offenses. Rather than remand this case to the district

court to consider these same records, we take judicial notice of these documents and conclude that the underlying convictions qualify as controlled substance offenses under U.S.S.G. § 4B1.2. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Indeed, Nevels does not contend that the underlying convictions do not qualify as predicate offenses for a career-offender enhancement under the sentencing guidelines. The convictions therefore support the application of a career-offender enhancement under U.S.S.G. § 4B1.1.

The government's motion to supplement the record, Dkt. 31, is GRANTED.

**AFFIRMED.**